UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

-v-

Tayquan Tucker,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: July 11, 2017

15-cr-95 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On May 24, 2017, the Court received a motion to amend the judgment of Tayquan Tucker to credit Mr. Tucker for the 85 days he served in pretrial detention in New York State custody prior to commencement of his federal custody. *See* Dkt. No. 1367. In that letter, counsel for Mr. Tucker represents that his client served 85 days in state custody, beginning on February 2, 2016, for charges relating to relevant conduct to the instant case, and further represents that the Westchester County District Attorney's Office has agreed to dismiss the state cases pursuant to which Mr. Tucker was detained. *Id.* Counsel argues that, "had [Mr. Tucker] pled guilty to those pending state charges and been sentenced to a period of incarceration, it would have been incumbent upon this Court to sentence [him] to concurrent time to that sentence, pursuant to U.S.S.G. § 5G1.3(b)(2)." *Id.*; *see also* § 5G1.3(b)(2) (stating, *inter alia*, that if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . , the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment").

1

On June 22, 2017, the Government filed a letter opposing Mr. Tucker's request. Dkt. No. 1451 ("Gov't Opp."). In that letter, the Government makes four arguments why this Court cannot and should not amend the judgment. First, the Government contests the Court's jurisdiction to amend the judgment. As the Government observes, 18 U.S.C. § 3582 states that a court "may not modify a term of imprisonment once it has been imposed except," *inter alia*, "upon motion of the Director of the Bureau of Prisons" in certain circumstances, and "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582 (c). Rule 35 states that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The Government argues that the 14 day time period under Rule 35 has expired, and that, in any case, Tucker has identified no "arithmetical, technical, or other clear error" warranting revision. Gov't Opp. at 2.

Second, the Government points out that Tucker received an 84-month mandatory minimum sentence pursuant to 18 U.S.C. § 924 (c)(1)(A)(ii). *See* Dkt. No. 1317 (Judgment of Tayquan Tucker). Pursuant to Section 924, "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." § 924(c)(1)(D)(ii). As such, the statute pursuant to which the Defendant was sentenced appears to preclude the Court from departing below the mandatory minimum by crediting time served on a related state charge.

Third, the Government points out that U.S.S.G. § 5G1.3(b) applies to "undischarged term[s]" of imprisonment. Gov't Opp. at 3. Given that the 85-day term of pretrial detention for

which Mr. Tucker seeks credit had finished prior to the sentencing in this case, and that the Defendant represents that the state charges will be dropped, it would not appear that the sentence would fall under the rubric of § 5G1.3(b) even if that section were not otherwise abrogated by the language of § 924. *See United States v. Lucas*, 745 F.3d 626, 631 (2d Cir. 2014) ("In sum, we hold (1) that neither U.S.S.G. § 5G1.3 nor 18 U.S.C. § 3584 authorizes a district court to run a term of imprisonment concurrently with a discharged term of imprisonment on related charges, and (2) that those provisions' distinctions between discharged and undischarged terms are not irrational."); *id.* (concluding that, for this reason, a district court lacked authority to run mandatory minimum sentences imposed for violations of § 924(c) concurrently to completed prison terms served on related state charges).

Finally, the Government argues that there is a strong possibility that the Bureau of Prisons ("BOP") will, in any event, credit the time served on the state charges to the Defendant's sentence, and thus argues that "until the BOP calculates Tucker's sentence, any motion for review of that calculation under an applicable statute would be premature at this phase." Gov't Opp. at 4.

After the Government submitted its letter, the Defendant alerted the Court that he does not intend to file a reply. Dkt. No. 1479. The Court thus has no argument before it why (1) it has jurisdiction to amend the judgment; (2) any such amendment would be consistent with § 924; (3) any such amendment, accounting for a discharged term of imprisonment, would be statutorily authorized; and (4) any such amendment would not be premature and potentially unnecessary. In the absence of any such arguments, and in light of the persuasive arguments presented by the Government, the Court denies Mr. Tucker's motion.

SO ORDERED

3

Dated: July 10, 2017
New York, New York

_____
ALISON J. NATHAN
United States District Judge