UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/20/21

United States,

–v–

Tayquan Tucker, et al.,

Defendant.

15-cr-95 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Defendant Tayquan Tucker filed a motion seeking compassionate release to home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, his motion is DENIED.

I.  BACKGROUND

Defendant was arrested in 2016 for his involvement with the Big Money Bosses, a criminal enterprise that operated in Bronx, New York. PSR ¶¶ 11, 21–22.[1] The street gang trafficked in narcotics and engaged in acts of violence, including shootings, stabbings, gang assaults, and robberies. *Id.* ¶ 2. As a member of the BMB, Defendant carried firearms and participated in gang-related robberies. *Id.* ¶¶ 21–22. After his arrest, Defendant was charged, *inter alia*, with one count of brandishing a firearm in relation to a racketeering conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See* Dkt. No. 97. Defendant pled guilty to this count in 2016. Dkt. No. 1272.

---

[1] The factual description of the Defendant's offense in the pre-sentence report was adopted by the Court without objection at the Defendant's sentencing hearing. 2017 Sent. Tr. at 5.

At the 2017 sentencing, the Court acknowledged that the plea agreement stipulated the statutory minimum sentence of 84 months' imprisonment as the appropriate guidelines calculation. 2017 Sent. Tr. at 5–6. The Court recognized Defendant's role in the "violent street gang" and noted his criminal history. *Id.* at 13. After accounting for various mitigating factors, including the fact that Defendant has a supportive family and had accepted responsibility, the Court sentenced Defendant to 84 months' imprisonment. *Id.* at 14.

His conviction and sentence were subsequently vacated in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Dkt. No. 3107. On December 3, 2020, Defendant pled guilty to brandishing a firearm in furtherance of a Hobbs Act Robbery, and the Court again sentenced him to 84 months' imprisonment. *See* Dkt. No. 3122. In doing so, the Court incorporated the statement of reasons provided in the 2017 sentencing proceeding, noting that it was "certain that the mandatory minimum sentence is sufficient to meet all of the goals of punishment contained in 3553(a) and that [the Court] outlined in the 2017 sentencing proceeding." 2020 Sent Tr. at 28–29.

Without submitting an administrative request to the BOP, the Defendant filed for compassionate release through counsel, which the Court received on April 19, 2021. *See* Dkt. No. 3194. The Government submitted an opposition on May 4, 2021, and the Defendant filed a counseled reply on May 12, 2021. Dkt. Nos. 3199, 3204.

II.   **DISCUSSION**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). The

compassionate-release statute creates one such exception: It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i)–(ii). Under the recently enacted First Step Act, defendants serving their sentence may move the Court for compassionate release after they have exhausted their administrative remedies or thirty days have lapsed from the receipt of a compassionate release request by the warden. *United States v. Scparta*, No. 18-cr-578 (AJN), 2020 WL 1910481, at *4 (S.D.N.Y. Apr. 20, 2020). This "exhaustion requirement is amenable to equitable exceptions." *Id.* at *8.

In order for a defendant to be eligible for a reduction of their term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), there must be "extraordinary and compelling reasons" warranting such a reduction. The Second Circuit has recently held that the Sentencing Commission's policy statement §1B1.13 Note 1(D), which instructs that the power to determine what reasons are extraordinary and compelling remains exclusively with the Bureau of Prisons director, is no longer applicable. *See United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). Therefore, this Court may "independently . . . determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling.'" *Id.*

Moreover, presenting an extraordinary and compelling reason for release is only one of the requirements for a reduction in one's prison sentence under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020). The Court must also determine that granting release is consistent with the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements of the Sentencing Commission to determine if release is

appropriate. *See* 18 U.S.C. § 3582(c)(1)(A). In particular, the Court must consider whether a reduced sentence would still "reflect the seriousness of the offense . . . promote respect for the law . . . provide just punishment for the offense" and "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A), (B).

Defendant argues that, in light of the COVID-19 pandemic, his medical condition and the current carceral conditions brought about by the pandemic constitute an "extraordinary and compelling reason" for compassionate release. *See generally* Dkt. No. 3194. Even assuming that this Court may excuse Defendant's failure to exhaust administrative remedies, the Court concludes that the Defendant has not proven the existence of an extraordinary or compelling reason that warrants compassionate release or a modification of his sentence.

Defendant, who is 25 years old, suffers from asthma. *Id.* at 9. The CDC advises that this condition, if moderate or severe, may present a higher risk of serious complications from COVID-19. *See COVID-19 (Coronavirus Disease):* People with Certain Medical Conditions, CENTERS FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021). The defendant relies heavily on sources dating to the beginning of the pandemic in arguing that his medical condition, in light of the carceral conditions due to the COVID-19 pandemic, warrant a compelling and extraordinary reason for release or home confinement. *See, e.g.*, Dkt. No. 3194 at 3. However, facts regarding the danger of COVID and the dangers posed as a result of underlying health conditions change over time. Most notably here, BOP now offers inmates the opportunity to be vaccinated against COVID-19. Dkt. No. 3199 at 5. Tucker declined this opportunity to greatly reduce his risk of infection and severe complications. Tucker's counsel proffers Defendant refused because he does not have "all the facts" and is hesitant to receive

medical care from the government as a Black man. Dkt. No. 3204 at 3. While this Court is cognizant that health care is a personal choice, a defendant's decision not to receive a highly effective and safe vaccine counsels against a finding that their medical condition warrants a reduction in sentence. *See United States v. Mascuzzio,* No. 16 CR. 576 (JFK), 2021 WL 794504, at *3 (S.D.N.Y. Mar. 2, 2021); *United States v. Bryant*, No. 06-CR-17-LTS, 2021 WL 738838, at *2 (S.D.N.Y. Feb. 24, 2021); *United States v. McIntosh*, No. 12 CR. 72 (ER), 2021 WL 1660682, at *4 (S.D.N.Y. Apr. 28, 2021); *United States v. Robinson*, No. 17 CR. 611-7 (AT), 2021 WL 1565663, at *3 (S.D.N.Y. Apr. 21, 2021). In sum, the Defendant has not established that extraordinary circumstances merit the relief he seeks, and his motion must be denied on that basis.

Even assuming Defendant had established extraordinary circumstances, however, the sentencing factors in 18 U.S.C. § 3553(a) would counsel against granting Defendant's requested relief. *See* 18 U.S.C. § 3582(c)(1)(A) (noting that if the court finds extraordinary and compelling reasons warranting relief, it shall consider "the factors set forth in section 3553(a) to the extent they are applicable"). Defendant notes that he has completed a significant portion of his 84-month sentence, but the Court recently, in December 2020, determined that this statutory minimum sentence of 84 months' imprisonment continued to be sufficient but not greater than necessary to satisfy the applicable sentencing purposes. *See* 2020 Sent. Tr. at 28–29; *see also United States v. Bryant*, No. 06-CR-17-LTS, 2021 WL 738838, at *3 (S.D.N.Y. Feb. 24, 2021) ("[T]he relative brevity of [the] remaining period of incarceration does not warrant compassionate release."). At this December 2020 sentencing, the Court incorporated the statement of reasons given in 2017. 2020 Sent. Tr. at 28–29. As noted in this statement, Defendant was convicted of a violent crime in connection with a street gang that "ravaged the

areas it occupied with dangerous drugs and violence." 2017 Sent. Tr. at 13. He personally carried firearms in the course of participating in BMB-related robberies. Moreover, the fact that Defendant was previously convicted of similar crimes demonstrates a need for a significant sentence to deter future criminal behavior. *See id*. at 13. And while the Court credits Tucker's efforts to better himself through prison educational programs, the Court also takes into account the disciplinary infractions Defendant has accumulated while incarcerated. *See* Dkt. No. 3199 at 5.

On balance, the Court concludes that the § 3553(a) factors—including the need to account for the seriousness of the offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes—counsel against granting Tucker's motion. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

### III.   CONCLUSION

For the reasons stated above, Defendant's motion for compassionate release is DENIED. This resolves Dkt. Nos. 3194 and 3204.

SO ORDERED.

Dated: July 20, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge